UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR 07 107ML
:
PATRICK CLYNE :

PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, **PATRICK CLYNE** have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two count Information which charges defendant with Mail Fraud, in violation of 18 U.S.C. § 1341, and Filing a False Income Tax Return, in violation of 26 U.S.C. § 7206 (1). Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. To the extent the Defendant is the owner of the property described below in paragraph b.(I), the defendant further agrees:

(I) to forfeit to the United States the following property which constitutes or was derived from proceeds obtained directly or indirectly as a result of defendant's offense: One parcel of real property with buildings, appurtenances, and improvements, located in Ballinamore, Ireland, that is more fully described as follows:

> All that and those part of the lands of the townland of Drumbad situate in the Barony of Carrigallen and County of Leitrim being all of the lands comprised in folio 10746 of the Register of Freeholders of the said County comprising 20 acres 1 rood and 18 perches.

Defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(II) to waive all interest in the above listed property in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(III) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property constituting or derived from proceeds obtained directly or indirectly as a result of defendant's offense.

2. Government's Obligations. In exchange for Defendant's pleas of guilty:

a. The government will move to dismiss the pending Indictment against the Defendant and his co-defendant contained in CR 07-032-01ML.

b. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United



Jan 25 07 12:05p Berney Clyne 401 709 2362 p.2

States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines.

c. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

d. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. Mail Fraud offense: The amount of the loss relating to scheme to defraud set forth in Count One of the Information is $981,794.50. The Base Offense Level under Guideline §

2B1.1(a)(1) is 7, and the applicable Specific Offense Characteristic under Guideline § 2B1.1(b)(1)(H) adds an additional 14 Levels.

b. In tax years 2001 through 2005 the defendant submitted federal income tax returns in which he did not include as income all of the income received by the defendant, and in which he listed expenses which he did not incur. The additional income tax that should have been paid in each of the tax years is as follows:

| Year | Additional tax |
|---|---|
| 2001 | $40,012.00 |
| 2002 | $52,766.00 |
| 2003 | $48,298.00 |
| 2004 | $4,665.00 |
| 2005 | $17,002.00 |

c. Tax offense: The amount of the loss relating to Defendant's 2001 through 2005 federal individual income taxes is $162,743.00, and therefore the Base Offense Level for Count Two of the Information is Level 16 under Guideline §§2T1.1(a)(1) and 2T4.1(F).

d. Defendant understands and agrees that the terms of the plea agreement in no way resolves any civil tax liability, including any penalties and interest. Defendant further understands and agrees that this plea agreement in no way restricts the Internal Revenue Service from pursuing any administrative or civil actions against the Defendant.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which defendant is pleading are:

Mail Fraud, in violation of 18 U.S.C. § 1341: 20 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; a mandatory special assessment of $100; and restitution.

Filing a False Income Tax Return, in violation of 26 U.S.C. § 7206 (1): 3 years imprisonment; a fine of $250,000; a term of supervised release of 1 year; a mandatory special assessment of $100; and restitution.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 23 years imprisonment; a fine of $500,000; a term of supervised release of 4 years; and restitution. The mandatory special assessment totals $200.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right

to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the conviction and sentence imposed by the Court. Defendant also understands and is aware of the risks arising from the fact that he and his co-defendant/wife are jointly represented by the same attorney. Defendant has discussed these risks with his attorney, and understands that he has a right to retain separate counsel, and if qualified, may have such counsel appointed by the court and paid for by the government. The risks of joint representation were also explained to the Defendant during a hearing before a Magistrate Judge on May 14, 2007.

Defendant hereby waives Defendant's right to file a direct appeal challenging his conviction, including an appeal based on the fact of joint representation by his attorney. Defendant also waives Defendant's right to file a direct appeal challenging his sentence, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. In addition,

the Defendant hereby waives his right to collaterally attack his conviction or sentence under 28 U.S.C. §2255 on the basis of joint representation by his attorney.

This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities. Furthermore, this agreement is subject to the approval of the Tax Division of the Department of Justice.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| **PATRICK CLYNE**<br>Defendant | July-30-2007<br>Date |
| **SCOTT LOPEZ, ESQ.**<br>Counsel for Defendant | 7/30/07<br>Date |
| **ANDREW J. REICH**<br>Assistant U.S. Attorney | 8-1-07<br>Date |
| **STEPHEN G. DAMBRUCH**<br>Assistant U.S. Attorney<br>Chief, Criminal Division | 08/01/2007<br>Date |