**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 07-107ML** |
| | : | |
| **PATRICK CLYNE** | : | |

**<u>GOVERNMENT'S MOTION FOR A 2-LEVEL ADJUSTMENT FOR OBSTRUCTION OF JUSTICE</u>**

The United States of America, by and through its undersigned attorney, respectfully submits this Motion for a 2-Level Adjustment for Obstruction of Justice. In support of this Motion, the government attaches its Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October, 2007, a copy of the within Government's Motion, to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participants have received notice electronically:

Scott P. Lopez, Esq.
24 School St., 8th floor
Boston, MA 02108

U.S. Probation

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 07-107ML** |
| | : | |
| **PATRICK CLYNE** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A 2-LEVEL ADJUSTMENT FOR OBSTRUCTION OF JUSTICE**

The United States of America, by and through its undersigned attorney, respectfully submits this Memorandum of Law in Support of its Motion for a 2-Level Adjustment for Obstruction of Justice. As detailed below, the United States submits that the defendant obstructed justice by providing materially false information to the United States Probation Office on two occasions; that is, when interviewed by the Probation Office prior to his initial appearance on May 7, 2007, and in the Net Worth Statement he submitted to the Probation Office following his plea of guilty. Therefore, a 2-level adjustment should apply pursuant to section 3C1.1 of the Guidelines.

**Introduction**

Section 3C1.1 of the Guidelines states:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of

> conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

Among the examples of conduct that may qualify under an obstruction of justice enhancement are:

...

> (h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court;

U.S.S.G. § 3C1.1, comment (n.4). For purposes of the Guidelines, "material" means a "fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment (n.6).

**Facts**

On March 21, 2007, an eleven (11) count Indictment was filed in the District of Rhode Island charging Patrick Clyne and his wife, Ibtisama Bradley, with Conspiracy and Mail Fraud violations (CR No. 07-032ML). Clyne and Bradley were in Ireland at the time the Indictment was returned. In May, 2007, Clyne and Bradley returned to the United States, at which time they were arrested.

Prior to their initial appearance and arraignment on May 7, 2007, Clyne and Bradley were interviewed by U.S. Probation Officer Maureen Bradley. During the interview Clyne was asked whether he owned any real estate, including real estate outside the United States. Clyne told the Probation Officer that he did

not own any property in Ireland, but that he owned property in Providence.[1]

At the initial appearance and arraignment on May 7, 2007, and based in part on information that was provided to him by the Probation Office, Magistrate Judge Martin decided to release Clyne and Bradley on $100,000 secured bonds. The bonds were secured by property owned by Clyne and Bradley in Providence, and property owned by Clyne's daughter in North Kingston.

As a result of plea negotiations, on August 1, 2007, the government filed the instant Information and Plea Agreement with the Court. During plea negotiations, the government advised Mr. Lopez, counsel for the defendant, that it had information that the defendant owned property in Ireland, and that proceeds of the fraudulent scheme were used to purchase the property. The government also provided Mr. Lopez with documentary evidence reflecting the defendant's purchase of the property.

Mr. Lopez claimed that the property in Ireland was sold, and that the defendant no longer owned any property in Ireland. Because the government was not provided with any documents supporting this claim, the plea agreement provides that "***[t]o the extent*** the Defendant is the owner of the property described" in

[1] Cylne's wife, during her interview with Probation, also claimed that she did not own any property in Ireland.

the agreement, he is to forfeit it to the United States. (Plea Agreement para. 1.b., emphasis added).

On August 7, 2007, the defendant pled guilty to the Information pursuant to the Plea Agreement. Under the terms of the Agreement, the defendant is required to "take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding." (Plea Agreement, para. 1.b.(III)). Immediately following entry of the plea, the government sought clarification from the defendant regarding the status of the property in Ireland. (See attached letters from the government to Mr. Lopez dated August 14, 2007, Exhibit A; August 29, 2007, Exhibit B; September 6, 2007, Exhibit C; and September 11, 2007, Exhibit D). During this period of time, and as recently as a telephone conversation on September 10, 2007, Mr. Lopez represented that the defendant did not own any property in Ireland.

Following his plea of guilty, the defendant submitted a Net Worth Statement to the Probation Office, which is incorporated into the Presentence Investigation Report (PSI) dated September 27, 2007. The Statement requires the defendant to disclose assets owned by the defendant individually or jointly, and also assets held by his spouse.

In Section G of the Net Worth Statement, which requires the defendant to disclose real estate, the defendant lists only one parcel of real estate, that being his residence in Providence. He does not list any property owned by him or his wife in Ireland.

On September 26, 2007, my office received copies of Land Registry records from Ireland. Those records reflect that Clyne and Bradley are the current owners of the property described in the Plea Agreement. (See Exhibit E, Land Registry re Folio 10746). In addition, we received records showing that the defendant's wife is the owner of another parcel in Ireland, and that this parcel was originally purchased jointly by the defendant and his wife. (See Exhibit F, Land Registry re Folio 7106F).

On September 24, 2007, my office received a letter from Mr. Lopez, in which he represented, for the first time, that the defendant does, in fact, own property in Ireland. (See attached letter from Mr. Lopez, Exhibit G). Essentially, in the letter Mr. Lopez states that the defendant and his wife purchased the property described in the Plea Agreement (Folio 10746) in 2002. According to his letter, there were 2 claims of adverse possession on the property. One claim concerned adverse possession of the dwelling house, which a court decided in favor of Clyne. The other claim concerned 4 to 5 acres of the property

(out of a total of approximately 20 acres), and this claim, according to Mr. Lopez, is still pending.

Mr. Lopez further claims that in 2006 the defendant sold "the bulk" of the property to a Frank Maxwell. The 4 to 5 disputed acres were not included in the sale, and is therefore still owned, according to Mr. Lopez' letter, by the defendant and his wife.

In view of Mr. Lopez' past representations that the defendant did not own any property in Ireland, on September 26, 2007, the government sent a letter to Mr. Lopez requesting documents in support of his most recent representations regarding property ownership. (See attached Exhibit H). In that letter the government also revealed, for the first time, that the government had information that the defendant's wife was the owner of another parcel described in Folio 7106F. As of the date of the filing of this Memorandum, the defendant has not provided the government with any of the requested supporting documents.

**Discussion**

It is clear that the defendant provided false information to the Probation Office both upon his return from Ireland in May, 2007, and then again following his plea of guilty in August, 2007. At the very least, the defendant failed to disclose his ownership interest in the 4 to 5 acres of land that he retained in Folio 10746. He failed to disclose this to the Probation

Office in May, 2007, and then again in his Net Worth Statement. In fact, it appears that the defendant's disclosures at this point in time are solely as a result of the government's persistence in seeking such information.

Furthermore, the defendant has still not revealed anything to the Probation Office regarding his wife's ownership of the property described in Folio 7106F, which the government brought to the attention of Mr. Lopez, for the first time, in its letter dated September 26, 2007. This information should have been disclosed in the defendant's Net Worth Statement to the Probation Office.

The defendant's false information to the Probation Office concerning the ownership of real property was "material" within the meaning of Guideline § 3C1.1 Commentary 4(h) and 6, in that the information, if believed, "would tend to influence or affect an issue under determination".

Disclosure of financial information to the Probation Office serves two purposes. First, it is used by the Court in determining whether, and in what amount, to set bail at prior to trial. The defendant's "financial resources" are one of the factors which the court is to consider in determining whether there are conditions of release that will reasonably assure the appearance of the defendant at trial. See 18 U.S.C. § 3142(g)(3)(A). Ownership of real property outside the United

States is of even greater significance, since it is a factor which may reflect an increased likelihood of flight.

The defendant's ownership of real property is also a factor which the Court considers in determining the amount of fine to impose at the time of sentencing. 18 U.S.C. § 3572(a)(1) specifically provides that in determining whether to impose a fine, and the amount, the court is to consider the financial resources of the defendant. (See United States v. Milton, 147 F.3d 414, 422 (5th Cir. 1998), where the Court upheld an obstruction adjustment for failing to provide accurate financial information to the probation office during that presentence investigation, stating that "[o]bviously, this information was material to the probation officer's determination of [the defendant's] ability to pay a fine ..."; United States v. Romer, 148 F.3d 359, 372 n. 3 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999), where the Court upheld an obstruction adjustment based on the defendant's failure to provide the probation office with a complete accounting of her assets, stating that "an accurate estimate of a defendant's assets is a prerequisite to the imposition of fines..."; and United States v. Dupre, 117 F.3d 810, 825 (5th Cir. 1997), cert. denied, 522 U.S. 1078 (1998), "[a] statement to a probation officer concerning one's financial resources will obviously affect the officer's determination of ability to pay.")

The defendant’s false information to the Probation Office regarding property which he and his wife own in Ireland was therefore both false and material, and therefore requires the imposition of the Obstruction adjustment under Guideline § 3C1.1.

**Conclusion**

For all of the above reasons, the government urges this Court to impose to 2-level adjustment for Obstruction of Justice.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10TH day of October, 2007, a copy of the within Government's Memorandum of Law to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participants have received notice electronically:

Scott P. Lopez, Esq.
24 School St., 8th floor
Boston, MA 02108

U.S. Probation

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov