**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 07-107ML** |
| | : | |
| **PATRICK CLYNE** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**MOTION TO CONTINUE SENTENCING**

The United States of America, by and through its undersigned attorney, respectfully submits this Objection to Defendant's Motion to Continue Sentencing. In support of its Objection, the government states as follows:

Defendant's plea of guilty was entered approximately 2 ½ months ago, on August 7, 2007. Counsel for the defendant sets forth four (4) reasons in support of his request for a continuance. First, he states that he needs additional time to address the defendant's medical issues. Defendant's medical condition, and its potential impact on sentencing, is something which the defendant and his counsel have been aware of since at least the time the defendant entered his plea of guilty. In addition, it is important to note that defendant's physical condition is a discouraged sentencing consideration. Guideline § 5H1.4 states that "[p]hysical condition or appearance ... is not ordinarily relevant in determining whether a departure may be warranted." Only an extraordinary physical condition warrants a lower sentence. Defendant's conditions, as set forth in his

motion for a continuance, are not extraordinary.

Second, defendant argues that he needs additional time to gather documents in order to respond to the government's motion for a 2-level adjustment for obstruction of justice. These documents presumably relate to the issue of whether the defendant and his wife own property in Ireland. It should be noted that the government has repeatedly requested such documents from the defendant, and has received nothing in response to these requests. This is troublesome, since it is difficult to image that the defendant does not have in his possession copies of any documents relating to his ownership of properties in Ireland. Counsel for the defendant has also advised the government that he has received correspondence from a solicitor in Ireland relating to property ownership. The government's request for this correspondence has been rejected by the defendant. In addition, the government requested that it be permitted to communicate directly with this solicitor, and has been told that this is not possible.

Furthermore, while the defendant states that he has been unable to obtain documents relating to property ownership in Ireland, the government, through its independent efforts, has obtained such documentation, which was attached to its Motion for a 2-Level Adjustment for Obstruction of Justice. Given these circumstances, we do not believe a continuance should be granted

based on the defendant's argument that he needs additional time to obtain property records from a solicitor in Ireland.

Finally, Defendant argues that he needs additional time to respond to the issue of abuse fo trust or use of special skill. Defendant has been aware of this issue since September 27, 2007, when the Presentence Investigation Report (PSI) was made available to the defendant. The defendant has had sufficient time to address this issue.

In addition to the foregoing, the government objects to a continuance in the sentencing date due to the risk that the defendant will leave the United States. Sentencing the defendant sooner rather than later reduces the opportunity for that risk. The government's concern with flight arises from the fact that as a result of his fraudulent scheme, the defendant obtained almost $1 million from the Rhode Island School of Design. Some of those funds were sent to Ireland, and were used to purchase land in Ireland. As detailed in the government's Motion for a 2-Level Adjustment for Obstruction of Justice, the defendant failed to disclose his ownership of property in Ireland to the Probation Office prior to his arraignment on May 7, 2007, and also failed to disclose the ownership of property in Ireland in his Net Worth Statement that was incorporated into the PSI. Furthermore, at the time of his arraignment on May 7, 2007, the defendant, who has both American and Irish citizenship, advised the Court that he

had an Irish passport in Ireland. He agreed not to obtain possession of that passport. Nevertheless, all of these circumstances are of concern to the government, since they indicate that the defendant has not acted with complete condor before the Court with respect to his ownership of foreign properties. While the government is not seeking to change the conditions of defendant's release, we nevertheless believe that prudence dictates that sentencing take place as originally scheduled.

For all of the above reasons, the government urges this Court to deny defendant's motion for a continuance in the sentencing date.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2007, a copy of the within Government's Objection to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participants have received notice electronically:

Scott P. Lopez, Esq.
24 School St., 8th floor
Boston, MA 02108

U.S. Probation

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov