**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA,**

**v.**

**PATRICK CLYNE,**
**Defendant.**

**CRIMINAL NO.: 07-CR-00107-ML**

**MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR A 2-LEVEL ADJUSTMENT FOR OBSTRUCTION OF JUSTICE**

Defendant Patrick Clyne, by and through undersigned counsel, submits this Memorandum of Law in opposition to the government's motion for a 2-level adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Specifically, Mr. Clyne opposes the government's motion, which is premised on the government's unproven allegation that Mr. Clyne provided materially false information to a probation officer. Specifically, the government alleges that Mr. Clyne failed to disclose his ownership of folio 10746 County Lietrim during his Pretrial interview on May 7, 2007, and his wife's ownership of folio 7106F in his Statement of Net Worth dated September 17, 2007. However, as will be detailed in this memorandum, at no time did Mr. Clyne willfully misrepresent any facts to either the pretrial officer or the probation officer. Accordingly, the government's motion has no merit and should be denied.

FACTUAL BACKGROUND

A. Folio 10746 County Leitrim

On June 18, 2002, Mr. & Mrs. Clyne purchased Folio 10746 County Leitrim, comprising approximately 20 acres, 1 rood and 18 perches from Bridie O'Hara for € 63,486.90. See Copy of Contract for Sale dated June 18, 2002 between Gabriel Toolan (the attorney lawfully appointed by

Bridie O'Hara, the Legal Representative of Patrick O'Hara, deceased), and Berney Clyne attached hereto as "Exhibit A." The Deed of Transfer was executed by the parties on January 3, 2003 and was subsequently with the Land Registry. See Deed of Transfer dated January 3, 2003 attached hereto as "Exhibit B." On February 20, 2004, the Land Registry cancelled Patrick O'Hara's title and made an entry that stated that title was in Patrick Clyne and Ibtisama Clyne. See Exhibit 1 of Addendum to Government's Memorandum of Law in Support of its Motion for a 2-Level Adjustment for Obstruction of Justice concerning Folio 10746.

On June 16, 2006, Mr. & Mrs. Clyne sold Folio 10746 County Leitrim to Frank Maxwell for € 81,900.00. See Copy of Contract for Sale dated June 16, 2006 between Patrick Clyne and Ibtisama Clyne and Frank Maxwell attached hereto as "Exhibit C." This Contract for Sale included the entirety of the lands comprised in Folio 10746. However, Special Condition 5 of the Contract put the purchaser, Maxwell, on notice of the fact that a portion of the property was the subject of litigation based on a claim of adverse possession by Eileen Logan and her predecessors in interest. Special Condition also contained a contingency that in the event the case of Eileen Logan vs. Clyne was resolved in favor of the Clynes within 15 months of the date of the Contract, or by September 16, 2007, then the purchaser [Maxwell] would pay an additional € 30,000.00 for the lands claimed by Logan. Conversely, if the litigation was not resolved in the Clynes' favor, Maxwell would still be entitled to purchase all the lands in Folio 10746 except for the lands claimed by Eileen Logan at a reduced price of € 61,000.00. Id.

When the period for the contingency expired in September 2007 and the Logan litigation had not been resolved in Mr. & Mrs. Clyne's favor, Mr. Maxwell proceeded with the purchase of the property for the lesser sum of €61,000. This sum was subsequently paid in full and the property was transferred to Maxwell pursuant to a Deed of Transfer in October, 2007. Clyne reported to the

Probation Officer in his Net Worth Statement that he was owed approximately $24,900.00 from the proceeds of this transfer.

As per the Contract, the Deed of Transfer did not include the disputed lands that are the subject of the Logan litigation. However, a letter regarding the Logan claim is filed with the Court under seal due to its confidential nature. Mr. Clyne requests the Court to review this letter *in camera*. A copy of the letter has not been shared with counsel for the government.

B. Folio 7106F County Leitrim

Folio 7106F County Leitrim was purchased by Sam Akasheh, the brother of Ibtisama Clyne for € 26,000 sometime before August 2005. Because Mr. Akasheh was a non-national non-resident person in Ireland, he agreed to register the title in the names of Patrick B. Clyne and Iptisama Clyne, for them to hold in trust, but without any formal trust document. Iptisama Clyne became the sole trustee in August 2005. On or about March 29, 2007, Iptisama Clyne sold Folio 7106F County Leitrim to Aine Lynch for € 76,500.00. See Copy of Contract for Sale between Iptisama Clyne and Aine Lynch attached hereto as "Exhibit D."

On May 7, 2007, Clyne was interviewed by the Pretrial Officer prior to his initial appearance. At that time, Clyne was asked whether he owned any real estate, including real estate outside the United States. Clyne told the Pretrial Officer that he did not own any property in addition to his property in Providence, Rhode Island. Since Clyne had sold his entire interest to Folio 10746 to Frank Maxwell in June, 2006, Clyne's statement was true.

On September 17, 2007, Clyne submitted a Net Worth Statement to the Probation Office. This Net Worth Statement required Clyne to disclose assets owned, jointly owned, or controlled by Clyne. The Instructions further stated, in pertinent part: Your Net Worth Statement should include assets or debts that are yours alone (I-Individually), assets or debts that are jointly (J-Joint) held by

you and your spouse or significant other, assets or debts that are held by a spouse or significant other (S-Spouse or Significant Other) that you enjoy the benefits of or make occasional contributions toward….”owned by defendant individually and jointly, including assets held by his spouse. Since Iptisama Clyne sold her brother's interest in Folio 7106F in March 2007, Clyne's statements on May 7, 2007 and his Net Worth Statement dated September, 17, 2007 were true.

C. Opinion of Counsel.

Moreover, given the timing and complexity of these transactions and their potential impact on defendant's sentence, undersigned counsel requested and received an opinion from the Solicitor in Ireland who handled these transactions. Specifically, undersigned counsel requested that he explain the significance of a Contract for Sale under Irish law and whether registered ownership in the Land Registry is conclusive on the issue of actual ownership. A copy of Solicitor Gabriel A. Toolan is attached hereto as Exhibit "E" for the Court's consideration. As set forth in more detail in Mr. Toolan's letter, under Irish law the execution of the Contract for Sale by a purchaser and registered owner of the property effectively transfers the ownership interests of the seller of the property to the purchaser. In the event the registered owner attempted to withdraw from a sale, he or she would be in breach of contract and the purchaser would be entitled to sue for breach of contract and specific performance. Id.

Mr. Toolan further explains in his opinion letter that Register of Ownership does not take into account interests over the property that have not yet been registered and the most significant unregistered interest that commonly exists is the execution by the owners of the property of a Contract of Sale, which transfers the equitable interest of the seller to the purchaser. He also notes that the existence of Contracts for Sale for pending sales of land as in this case is the "universal practice" in all sales of land in Ireland.

ARGUMENT

The government's argument, which is based on suspicion and conjecture, is not factually sound. Indeed, Clyne's representations were at all times accurate, and remain accurate today. Thus, the government's argument is without merit and should be rejected summarily.

Specifically, in May, 2007, when Clyne represented to the Pretrial Officer that he did not own any land in Ireland, his statement was true because he had executed a contract for sale in June, 2006 conveying his interest to the property to Maxwell. The fact that there was a contingency that remained to be satisfied did not change this fact. Indeed, had the Logan litigation been resolved in Clyne's favor before the transfer occurred, Clyne would have been obligated to transfer all the lands contained in Folio 10746, including the disputed Logan lands, to Maxwell. Nevertheless, when Clyne told the Pretrial Officer that he did not own any lands in Ireland as of May 7, 2007, his answer was accurate because, in his mind, he had conveyed his entire interest in Folio 10746 to Maxwell in June 2006. Accordingly, Clyne did not willfully or knowingly provide any materially false information to the Pretrial Officer and, therefore, a 2-level adjustment is not appropriate.

Similarly, on September 17, 2007, when Clyne submitted a Net Worth Statement to the Probation Office which did not Folio 7106F, his Net Worth Statement was true because she had sold whatever interest, held in trust or otherwise, that she had in the Folio 7106F in March, 2007. Accordingly, Clyne did not willfully or knowingly provide any materially false information to the Probation Officer and, therefore, a 2-level adjustment is not appropriate.

Finally, now that the Maxwell transfer has been completed and the properties claimed by Logan has been excluded from the sale, the remaining question is whether Clyne now has a marketable interest in the property that he is now obligated to disclose. Undersigned counsel refers

the Court to the letter regarding Ms. Logan's claim that is filed with the Court under seal concerning this issue. Mr. Clyne requests the Court to review this letter in camera when considering this issue.

Finally, based on the pleadings in the Logan litigation that undersigned counsel has now reviewed and forwarded a copy to counsel for the government, it appears that the Logan's adverse possession claim is quite strong and, ultimately, a court will conclude that there was either a mapping error when the Logan lands were included in Folio 10746 or Logan has acquired title through adverse possession. As a result, it is likely that Clyne's does not have marketable title to the Logan lands and, therefore, his failure, if any, to disclose the existence of these lands subsequent to him signing his Net Worth Statement should not qualify as a "material" fact in this matter. See U.S.S.G. § 3C1.1, Application Note 6 (defining material evidence to mean "evidence, fact, statement, or information, that, if believed, would tend to influence or affect the issue under determination.").

CONCLUSION

In conclusion, because Mr. Clyne did not provide any false information to the Probation Office, this Court should not impose a two-level enhancement pursuant to U.S.S.G. § 3C1.1.

Respectfully submitted,

/s/ Scott P. Lopez

Scott P. Lopez, Mass. BBO # 549556
*Pro Hac Vice Counsel*
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA 02108
(617) 742-5700 (tel)
(617) 742-5715 (fax)
lopez@lopezlaw.com

/s/ Kevin J. Bristow
Kevin J. Bristow, RI Bar ID # 3984
*Local Counsel*
505 Turks Head Building
Providence, RI 02903
(401) 521-2800 (tel)
(401) 521-2812 (fax)
KJBristowlaw@verizon.net

Dated: November 21, 2007

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2001, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on any attorney of record that is unable to accept electronic filing in this. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by first class mail to any attorney of record unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Scott P. Lopez
Scott P. Lopez