**WALTER P. TOOLAN & SONS**
**SOLICITORS**

**Gabriel A. Toolan B.A. (Hons.)**

**Legal Assistant:**
**Nuala J. Maloney**

**High Street**
**Ballinamore**
**County Leitrim**

**Tel. 071 9644004/9644426**
**Fax. 071 9644788**
**E-Mail. law@wptoolan.com**

**Date: 19 November 2007**

**Your Ref:** **Our Ref: GT/BmcT/5260**

**Mr Scott P. Lopez**
**24 School Street**
**8th Floor**
**Boston**
**Massachusetts**
**02108**
**USA**

**<u>Our client: Mr Patrick Bernard Clyne and Mrs Iptisama Clyne</u>**

Dear Mr Lopez

I refer to your enquiries regarding folio 10746 and folio 7106F County Leitrim.

The lands in folio 10746 comprise a farm of land in the townland of Drumbad which was initially purchased by Patrick Clyne and Iptisama Clyne from Mrs Bridie O'Hara on the 18th of June 2002 for the sum of €63,486.90. As I pointed out to you previously this property had not been occupied by the O'Hara family for many decades and it appears that a number of parties moved into possession of:
a). the dwelling house and
b) a portion of the lands,
and as a consequence of same claimed rights of Adverse Possession over same. Mr Clyne was involved in very contentious litigation with a Ms Eithne Griffin which, said proceedings have now been resolved and he is currently still involved in litigation with the legal personal representative of Mrs. Eileen Logan.

Mr. and Mrs Clyne agreed to sell the lands comprised in folio 10746 to a gentleman of the name of Mr. Frank Maxwell who is a building contractor from Ballinamore, Co. Leitrim. This Contract was entered into on the 16th of June 2006 and the price was stated to be €91,000.

Special Condition number 5 of this Contract put Mr. Maxwell expressly on notice of the fact that the property was subject of High Court/ Circuit Court litigation with Mrs Logan and contained contingency provisions.

In view of the fact that the litigation between Mr. & Mrs. Clyne and the Logan family has not been resolved Mr. Maxwell has opted to proceed with the purchase of the property for the sum of €61,000 in accordance with Special Condition number 5 and this sum was paid into this office in full and the property has now been transferred to Mr. Maxwell.

I note that a question has arisen with regard to the issue of ownership of the property. I understand that a Land Registry search has been carried out and it indicated that the current registered owner of the property is Patrick Clyne and Iptisama Clyne.

It must be understood that the Register of Ownership does not take account of interests over the property which may as yet not have been registered. The most significant unregistered interest that commonly exists is the execution by the owners of the property of a Contract for Sale. Contracts for Sale are, almost invariably, never registered in Land Registry. The effect of a Contract for Sale is that it transfers the Equitable Interest in the property to the purchaser.

The significance of the execution of the Contract for Sale by a vendor and registered owner of the property is that it effectively transfers the ownership of the property to the purchaser. At the date of the signing of the Contract the vendor of the property is not in a position to resile from or rescind the Contract unless there is default on the part of the purchaser. Accordingly as and from the 16th of June 2006 Mr. and Mrs Clyne could no longer consider this property to be a disposable asset of theirs save and unless the purchaser thereof agreed to withdraw from the sale.

In the event that Mr. and Mrs Clyne attempted to withdraw from the sale they would then be in breach of contract and the purchaser of the property would be entitled to sue them for Breach of Contract and seek an Order of the court for Specific Performance of the Contract. Alternatively the purchaser could rescind the Contract and seek compensation from the vendor.

In the case of the Contract between Mr and Mrs Clyne and Mr. Frank Maxwell of the 16th of June 2006 the closing date was extended as per the terms of Special Condition number 5 so as to await the outcome of the litigation pending over the property. As that matter has not been resolved Mr. Maxwell has chosen to proceed with the purchase of the remainder of the property as per Special Condition number 5 for €61,000 which sum has in fact now been paid. The Deed of transfer has now been signed by the parties and I note that you require copy of same. Same shall be forwarded to you by hard copy in the mail.

With regard to the lands comprised in folio 7106F these are shown as being registered in the name of Iptisama Clyne. In actual fact this property was purchased with funds provided for by her brother, Mr. Sam Akasheh. Mr. Akasheh paid the sum of €26,000 for these lands. As Mr. Akasheh is a non-national, non-resident person he agreed to register the title in the names of his sister and brother in law for them to hold in trust for him. Mrs. Iptisama Clyne became the sole trustee of these lands in August 2005. she than sold on the property on behalf of her brother to Aine Lynch pursuant to a Contract that was finalised on the 29th of March 2007 for €85,000.

When the lands were sold this year the money was dispersed as follows:

| | |
|---|---|
| Refund of monies to Sam Akasheh together with share of profits | €40,000.00. |
| Estate Agencys | € 3,000.00. |
| Legal Fees | € 2,000.00 |
| New road up to site | € 8,000.00 |
| Fencing | € 1,500.00 |

| | |
|---|---|
| Septic Tank and Sewerage System | €11,000.00 |
| Extending water and electrical utilities to site | € 5,500.00 |
| **Total Expenses** | **€71,000.00** |
| Balance remaining | **€14,000.00** |

There is also capital gains Tax liability of €10,000 to be paid from this to the Revenue Commissioners.

With regard to the Land Registry applications which are shown as pending on folios 10746 and 7106F, my comments in relation to the search results are as follows:

1. I believe that Dealing Number D2005W8009634X was an application by Mr. Clyne himself for maps of the property and those maps were furnished and there is no current dealing pending in this regard.
2. Dealing Number D2007NLO10546C, this is an application by Iptisama Clyne for maps of her property and adjoining properties and is related to an application for a Grant of a Right of Way over adjoining lands. In view of the sale of folio 10746 to Mr. Maxwell this application has been withdrawn as it is now considered unnecessary.
3. Regarding searches of D2007NLO62589N, the reference to folio 7106F refers to the sale of that portion of land by Mrs. Clyne to Aine Lynch, details of which I have already given to you.

In summary in answer to your question as to whether ownership on the Land Registry folio is indicative of ownership we would answer that it is indicative of ownership to the extent that there are no other Unregistered Rights in existence. In this case there is a Contract for Sale entered into between Mr and Mrs Clyne and Mr. Frank Maxwell and the contents and terms of this Contract have been given effect to in a Deed of Transfer completing the transaction in the month of October 2007 and this document will be the subject of an application to land Registry in the coming weeks.

The same applies in relation to the sale to Aine Lynch on folio 1070F which dealing is now pending. I should say that the existence of Contracts for Sale for pending sales of land (as in these cases) is the universal practice in all sales of land in Ireland and is completely standard. It does not depart in any respect from what is the norm in established Conveyancing practice

I trust that this is the information that you require and if I can assist you further please let me know.

**Yours Sincerely**

**Gabriel Toolan**
**Walter P. Toolan & Sons**

# WALTER P. TOOLAN & SONS
## SOLICITORS

Gabriel A. Toolan B.A. (Hons.)

Legal Assistant:
Nuala J. Maloney

High Street
Ballinamore
County Leitrim

Tel. 071 9644004/9644426
Fax. 071 9644788
E-Mail. law@wptoolan.com

Date: 19 November 2007

Your Ref: Our Ref: GT/BmcT/5260

Mr Scott P. Lopez
24 School Street
8th Floor
Boston
Massachusetts
02108
USA

**Our client: Mr Patrick Bernard Clyne and Mrs Iptisama Clyne**

Dear Mr Lopez

I refer to your enquiries regarding folio 10746 and folio 7106F County Leitrim.

The lands in folio 10746 comprise a farm of land in the townland of Drumbad which was initially purchased by Patrick Clyne and Iptisama Clyne from Mrs Bridie O'Hara on the 18th of June 2002 for the sum of €63,486.90. As I pointed out to you previously this property had not been occupied by the O'Hara family for many decades and it appears that a number of parties moved into possession of:
a). the dwelling house and
b) a portion of the lands,
and as a consequence of same claimed rights of Adverse Possession over same. Mr Clyne was involved in very contentious litigation with a Ms Eithne Griffin which, said proceedings have now been resolved and he is currently still involved in litigation with the legal personal representative of Mrs. Eileen Logan.

Mr. and Mrs Clyne agreed to sell the lands comprised in folio 10746 to a gentleman of the name of Mr. Frank Maxwell who is a building contractor from Ballinamore, Co. Leitrim. This Contract was entered into on the 16th of June 2006 and the price was stated to be €91,000.

Special Condition number 5 of this Contract put Mr. Maxwell expressly on notice of the fact that the property was subject of High Court/ Circuit Court litigation with Mrs Logan and contained contingency provisions.

In view of the fact that the litigation between Mr. & Mrs. Clyne and the Logan family has not been resolved Mr. Maxwell has opted to proceed with the purchase of the property for the sum of €61,000 in accordance with Special Condition number 5 and this sum was paid into this office in full and the property has now been transferred to Mr. Maxwell.

I note that a question has arisen with regard to the issue of ownership of the property. I understand that a Land Registry search has been carried out and it indicated that the current registered owner of the property is Patrick Clyne and Iptisama Clyne.

It must be understood that the Register of Ownership does not take account of interests over the property which may as yet not have been registered. The most significant unregistered interest that commonly exists is the execution by the owners of the property of a Contract for Sale. Contracts for Sale are, almost invariably, never registered in Land Registry. The effect of a Contract for Sale is that it transfers the Equitable Interest in the property to the purchaser.

The significance of the execution of the Contract for Sale by a vendor and registered owner of the property is that it effectively transfers the ownership of the property to the purchaser. At the date of the signing of the Contract the vendor of the property is not in a position to resile from or rescind the Contract unless there is default on the part of the purchaser. Accordingly as and from the 16th of June 2006 Mr. and Mrs Clyne could no longer consider this property to be a disposable asset of theirs save and unless the purchaser thereof agreed to withdraw from the sale.

In the event that Mr. and Mrs Clyne attempted to withdraw from the sale they would then be in breach of contract and the purchaser of the property would be entitled to sue them for Breach of Contract and seek an Order of the court for Specific Performance of the Contract. Alternatively the purchaser could rescind the Contract and seek compensation from the vendor.

In the case of the Contract between Mr and Mrs Clyne and Mr. Frank Maxwell of the 16th of June 2006 the closing date was extended as per the terms of Special Condition number 5 so as to await the outcome of the litigation pending over the property. As that matter has not been resolved Mr. Maxwell has chosen to proceed with the purchase of the remainder of the property as per Special Condition number 5 for €61,000 which sum has in fact now been paid. The Deed of transfer has now been signed by the parties and I note that you require copy of same. Same shall be forwarded to you by hard copy in the mail.

With regard to the lands comprised in folio 7106F these are shown as being registered in the name of Iptisama Clyne. In actual fact this property was purchased with funds provided for by her brother, Mr. Sam Akasheh. Mr. Akasheh paid the sum of €26,000 for these lands. As Mr. Akasheh is a non-national, non-resident person he agreed to register the title in the names of his sister and brother in law for them to hold in trust for him. Mrs. Iptisama Clyne became the sole trustee of these lands in August 2005, she than sold on the property on behalf of her brother to Aine Lynch pursuant to a Contract that was finalised on the 29th of March 2007 for €85,000.

When the lands were sold this year the money was dispersed as follows:

| | |
|---|---|
| Refund of monies to Sam Akasheh together with share of profits | €40,000.00. |
| Estate Agencys | € 3,000.00. |
| Legal Fees | € 2,000.00 |
| New road up to site | € 8,000.00 |
| Fencing | € 1,500.00 |

| | |
|---|---|
| Septic Tank and Sewerage System | €11,000.00 |
| Extending water and electrical utilities to site | € 5,500.00 |
| **Total Expenses** | **€71,000.00** |
| Balance remaining | **€14,000.00** |

There is also capital gains Tax liability of €10,000 to be paid from this to the Revenue Commissioners.

With regard to the Land Registry applications which are shown as pending on folios 10746 and 7106F, my comments in relation to the search results are as follows:

1. I believe that Dealing Number D2005W8009634X was an application by Mr. Clyne himself for maps of the property and those maps were furnished and there is no current dealing pending in this regard.
2. Dealing Number D2007NLO10546C, this is an application by Iptisama Clyne for maps of her property and adjoining properties and is related to an application for a Grant of a Right of Way over adjoining lands. In view of the sale of folio 10746 to Mr. Maxwell this application has been withdrawn as it is now considered unnecessary.
3. Regarding searches of D2007NLO62589N, the reference to folio 7106F refers to the sale of that portion of land by Mrs. Clyne to Aine Lynch, details of which I have already given to you.

In summary in answer to your question as to whether ownership on the Land Registry folio is indicative of ownership we would answer that it is indicative of ownership to the extent that there are no other Unregistered Rights in existence. In this case there is a Contract for Sale entered into between Mr and Mrs Clyne and Mr. Frank Maxwell and the contents and terms of this Contract have been given effect to in a Deed of Transfer completing the transaction in the month of October 2007 and this document will be the subject of an application to land Registry in the coming weeks.

The same applies in relation to the sale to Aine Lynch on folio 1070F which dealing is now pending. I should say that the existence of Contracts for Sale for pending sales of land (as in these cases) is the universal practice in all sales of land in Ireland and is completely standard. It does not depart in any respect from what is the norm in established Conveyancing practice

I trust that this is the information that you require and if I can assist you further please let me know.

**Yours Sincerely**

Gabriel A. Toolan

**Gabriel Toolan**
**Walter P. Toolan & Sons**