**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-107ML |
| | : | |
| PATRICK CLYNE | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR A DOWNWARD DEPARTURE AND/OR VARIANCE**

The United States of America, by and through its undersigned Assistant United States Attorney, respectfully submits this Objection to Defendant's Motion for a Downward Departure and/or Variance. Defendant's Memorandum in Support of his Motion sets forth a number of arguments which he believes should result in a sentence of imprisonment below the sentencing guideline range as calculated in the Presentence Investigation Report. In this Opposition, the government will address each of these arguments.

**"Mr. Clyne's Lifetime of Hard Work"**

The defendant argues that he is entitled to either a downward departure or variance based on his "lifetime of hard work," and the fact that he has "devoted his life to helping his family and community." (Def.'s Memorandum, p.2) In fact, the only exceptional thing about the defendant's employment history is that during the 8 ½ years he worked at the Rhode Island School of Design (RISD), he managed to steal almost one million dollars from his employer by failing to maintain fire safety equipment at RISD buildings. This hardly constitutes a sentencing consideration that weighs in the defendant's favor.

**The defendant's health**

A defendant's physical condition is a discouraged sentencing consideration. Guideline § 5H1.4 states that "[p]hysical condition or appearance ... is not ordinarily relevant in determining whether a departure may be warranted." Only an extraordinary physical condition warrants a lower sentence. In the case at bar, the defendant does not suffer from such condition.

In order to justify a downward departure, the sentencing court must first determine whether the medical condition is extraordinary, and if so, whether the Bureau of Prisons is equipped to handle it. United States v. Maldonado-Montalvo, 356 F.3d 65, 74 (1st Cir. 2003). The First Circuit also noted the following in United States v. Derbes, 369 F.3d 579, 583 (1st Cir. 2004) (in the context of evaluating the defendant's mental condition, which is also a discouraged factor):

> [I]t should be stressed again that our cases are stringent in distinguishing between serious mental health problems and a truly 'extraordinary' case. ... *BOP is by no means required to tailor a perfect plan for every inmate; while it is constitutionally obligated to provide medical services to inmates, ... these services need only be on 'a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards*.'

(emphasis added). Also see United States v. Rivera-Maldonado, 194 F.3d 224, 236 n.14 (1st Cir. 1999); United States v. Waugh, 2006 WL 1882680 (11th Cir. July 10, 2006) (upholding the district court's denial of a downward departure where the defendant had sickle cell anemia); United States v. Anderson, 182 Fed.Appx. 253 (4th Cir. 2006) (upholding the district court's denial of a downward departure to a defendant who had "serious" and "significant" medical conditions). In addition, see United States v. Woodward, 277 F.3d 87, 93 (1st Cir. 2002), cited in

defendant's Memorandum (p.9), where the Court upheld the district court's denial of a downward departure, despite the district court's finding that the defendant "had an 'unusual' physical condition and suffered from a large number of 'severe and very life limiting' physical infirmities ..."

According to the defendant's Presentence Investigation Report, the defendant suffers from Type II diabetes and cardiac disease. In his Motion to Continue Sentencing filed on October 22, 2007, Mr. Lopez stated that he was in the process of obtaining reports from doctors concerning the defendant's medical condition. (Defendant's Motion to Continue Sentencing, para. 7) It should be noted, however, that the government has not had the opportunity to review any of the medical reports relating to the defendant. Moreover, the lengthy description of the defendant's medical condition contained in defendant's Memorandum (pages 10 - 12), appears to be based on Mr. Lopez' Internet research, and not from doctors who have examined the defendant.

Although the defendant suffers from a number of medical ailments, it is clear that his conditions are not extraordinary, and there is no reason to believe that the Bureau of Prisons will not be able to provide him with adequate medical treatment. In fact, the Bureau of Prisons was provided with both the medical section of the defendant's Presentence Investigation Report, and a copy of the defendant's Motion to Continue Sentencing filed on October 22, 2007, in which the defendant set forth additional details concerning his medical history. After reviewing those documents, the Bureau of Prison has concluded that they are fully capable of providing appropriate medical care to the defendant. Attached to this Memorandum is a letter dated November 16, 2007, from Barbara J. Cadogan, Health Systems Administrator of the Northeast

Regional Office of the Federal Bureau of Prisons, setting forth their ability to handle the defendant's medical situation.

It should also be noted that despite defendant's "frail health," the defendant requested, and was granted, permission by the Magistrate Judge to take a five day trip to Colorado in June of this year.

As stated previously, in determining whether to depart downward on the grounds of a medical condition the court must examine the defendant's particular situation and determine whether his case is extraordinary, and whether his condition can be treated by the Bureau of Prisons. The defendant's medical situation is not extraordinary, and his conditions can be handled by Bureau of Prisons. The defendant's medical condition does not warrant a downward departure or a sentence below the guideline range.

**Conduct is "out of character" for the defendant**

Mr. Lopez claims that "what is striking about the nature of this offense is that it is so out of character for Clyne." (Defendant's Memorandum, p.7) Nothing could be further from the truth. This is not a case of aberrant behavior, or behavior that was "out of character." The defendant's fraudulent scheme was well thought out, and lasted for over 8 years.

**Age of the defendant**

The defendant is 65 years old. His fraudulent conduct against RISD extended from the time he was 55 years old until the age of 63. The defendant is not "elderly," especially in view of the age of similarly situated defendants who commit white collar types of offenses.

In addition, even if the defendant was considered elderly, which he is not, age is a discouraged factor under the Sentencing Guidelines. Guideline § 5H1.1 states that "[a]ge ... is not

ordinarily relevant in determining whether a departure is warranted." As the Court stated in United States v. Jackson, 30 F.3d 199, 202 (1st Cir. 1994), "age is a factor 'not ordinarily relevant' to the departure calculus." Also see United States v. Stumpner, 174 Fed.Appx. 522 (11th Cir. 2006) (where the Court affirmed the district court's denial of a lower sentence based, in part, on the defendant's age of 74 years); United States v. Ture, 450 F.3d 352 (8th Cir. 2006) (where the Court of Appeals vacated the decision of the district court not to impose a sentence of imprisonment, which said decision was based, in part, on the district court's finding that the defendant was 68 years old, suffered high blood pressure and had a history of coronary heart disease. The Court concluded that these circumstances were not so extraordinary as to justify a no-prison sentence.); United States v. Blunt, 187 Fed.Appx. 821, cert. denied, 127 S. Ct. 452 (2006); United States v. Hillyer, 457 F.3d 347, 353 (4th Cir. 2006).

For each and all of the above reasons, the government respectfully urges this Court to deny defendant's Motion for a Downward Departure or Variance.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of November, 2007, a copy of the within Opposition to Defendant's Motion for a Downward Departure and/or Variance to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participants have received notice electronically:

Scott P. Lopez, Esq.
24 School St., 8th floor
Boston, MA 02108

U.S. Probation
John O. Pastore Building & US Post Office
2 Exchange Terrace
Providence, RI 02903

/s/ Andrew J. Reich

ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov