**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 07-107ML** |
| | : | |
| **PATRICK CLYNE** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO A TWO-LEVEL ENHANCEMENT PURSUANT TO SECTION 3B1.3 OF THE ADVISORY GUIDELINES**

The United States of America, by and through its undersigned attorney, respectfully submits this Reply to Defendant's Memorandum of Law in Support of Defendant's Objection to a Two-Level Enhancement Pursuant to Section 3B1.3 of the Advisory Guidelines. In support of this Reply, the government states as follows:

The defendant's Memorandum of Law sets forth his argument against imposition of the Abuse of Position of Trust or Use of Special Skill adjustment pursuant to Guideline § 3B1.3. Although the government will address all of the factual and legal issues at the sentencing hearing, this Reply is limited to 3 specific issues.

First, in arguing that he did not hold a position of trust, defendant's Memorandum dwells extensively on the his job description and title at the Rhode Island School of Design. This ignores the fact that in conducting the analysis under § 3B1.3, the court is to be guided by the defendant's actual duties, rather than his title or job description. As the Court stated in United States v. Chanthaseng, 274 F.3d 586, 589 (1st Cir. 2001), "[t]his court has held that the relevant inquiry in cases such as this one is whether a person *in fact* occupied a position of trust, rather than whether the person's title or official job description contained a discretionary element."

Second, Mr. Lopez states that he and counsel for the government discussed Guideline §3B1.3, and that "at no time during the plea negotiations in this case did counsel for the government express his belief that the facts in this case would support a § 3B1.3 enhancement in this case." (Def.'s Memorandum, pp.1-2) Aside from the fact that statements made by counsel during plea negotiations are irrelevant to the sentencing proceeding, the government nevertheless strongly disagrees with defense counsel version of the events. The government has always been of the view that Mr. Clyne's conduct involved an abuse of trust and use of special skill, and at no time did counsel for the government express otherwise to defense counsel.

Finally, the defendant argues that since an electrician, or as in this case a Master Electrician, is not one of the special skills listed in Application Note 4 to Guideline § 3B1.3, the special skill adjustment does not apply. (Def.'s Memorandum, p.14) It is clear from reading this Application Note, however, that the listed special skills as merely a non-exhaustive listing of examples of such skills.

For these, and the additional argument that will be made at the time of sentencing, the government respectfully urges this to impose the two-level enhancement pursuant to Guideline § 3B1.3.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of November, 2007, a copy of the within Government's Reply, to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participants have received notice electronically:

Scott P. Lopez, Esq.
24 School St., 8th floor
Boston, MA 02108

U.S. Probation
John O. Pastore Federal Bldg & U.S. Post Office
2 Exchange Terrace
Providence, RI 02903

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov