**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 07-107ML** |
| | : | |
| **PATRICK CLYNE** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR A 2-LEVEL ADJUSTMENT FOR OBSTRUCTION OF JUSTICE**

The United States of America, by and through its undersigned attorney, respectfully submits this Reply to Defendant's Memorandum of Law in Opposition to the Government's Motion for a 2-Level Adjustment for Obstruction of Justice. In support of this Reply, the government states as follows:

Defendant's position against imposition of the 2-level adjustment comes down, essentially, to his argument that he and his wife were divested of their ownership interest in the subject properties upon entering into contracts for sale of the properties, despite the fact that the sales had not gone to closing, the land was not paid for, and the transfer was not registered. Not only is this position contrary to the laws of Ireland, and the United States for that matter, but it is also incredulous to believe that the defendant, who has engaged in previous property transactions in the United States, could have subjectively believed this to be the case.

In the United States, the signing of a sales contract, in and of itself, does not convey ownership of property. The same holds true in Ireland. Our office has been in regular contact with the Department of Justice, Equality and Law Reform in Ireland, which is comparable to the Department of Justice in the United States. The Property Registration Authority is a branch of the

Department of Justice, Equality and Law Reform. In a legal opinion from a Title Examiner for the Property Registration Authority, it was stated that "the Legal interest in registered land does not transfer until the transfer is registered in the Land Registry (section 52 and 55 of the registration of title Act 1964)." (See Exhibit A, which is an e mail from the Property Registration Authority). Also attached to this Reply, as Exhibit B, are copies of Sections 23, 28, 31, and 52 of the Registration of Title Act of 1964 in Ireland, which supports the view that title and ownership do not transfer upon the mere execution of a sales contract.[1]

It should be noted that Gabriel A. Toolan, the Solicitor from Ireland whose letter is attached to defendant's Memorandum, represented Mr. Clyne in Ireland, and as such is clearly not providing an independent or uninterested legal opinion. Furthermore, when counsel for the government attempted to contact Mr. Toolan, Mr. Lopez advised the government that Mr. Toolan would not communicate with a government attorney.

In addition to the foregoing, with respect to the property described in Folio 10746, it should be noted that although the defendant states that the property was transferred to Frank Maxwell in October 2007, he has not provided the Court with a copy of said deed.

With respect to Folio 7106F, the defendant claims that his wife contracted to sell the property to Aine Lynch on March 29, 2007. However, the copy of that contract which defendant attached to his Memorandum (Def.'s Exhibit D) does not reflect the month of the contract. In view of the defendant's argument regarding ownership, the date of this contract in 2007 takes on significance (was it after or before the defendant submitted his New Worth Statement to Probation on September 17, 2007). In addition, there is nothing in the record which reflects

[1] The full text of this Act can be found at www.irishstatutebook.ie/1964/en/act/pub/0016.

whether this sale has gone to closing.

Since property ownership does not change until closing and the payment of money, and it is reasonable to believe that the defendant knew this, it is clear that the defendant knowingly and willfully tendered false statements to Probation. The defendant and his wife purchased Folio 10746 in January 2003. The property is still registered in their names. According to the defendant, the sale closed in October 2007. Nevertheless, on May 7, 2007, the defendant told Probation that he didn't own any property in Ireland, and in his September 17, 2007, Net Worth Statement, he failed to disclose his ownership of this property.

Likewise, in August 2005 the defendant's wife became sole owner of Folio 7106F. In his September 17, 2007 Net Worth Statement, the defendant failed to disclose the ownership of this property by his wife.

Finally, it should be noted that a portion of the defendant's Memorandum is based on a letter from an attorney which Mr. Lopez submitted for the Court's *in camera* review, and has not provided to the government. In a separate pleading, entitled "Government's Opposition to

Defendant's Motion to Seal Opinion of Counsel," the government sets forth its argument against the sealing of this document.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of November, 2007, a copy of the within Government's Reply, to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participants have received notice electronically:

Scott P. Lopez, Esq.
24 School St., 8th floor
Boston, MA 02108

U.S. Probation
John O. Pastore Federal Bldg & U.S. Post Office
2 Exchange Terrace
Providence, RI 02903

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov