I being the Spouse of the under-named Vendor hereby, for the purposes of Section 3, Family Home Protection Act, 1976, consent to the proposed sale of the property described in the within Particulars t the price mentioned below.

**SIGNED** by the said Spouse
in the presence of

**MEMORANDUM OF AGREEMENT** made this 29th day of March 2007
BETWEEN Ibtisama Clyne

of Rosog, Willowfield Road, Ballinamore, Co. Leitrim.

**VENDOR**

and Aine Lynch

of c/o Patrick Carolan & Co., Solicitors, Market Square, Kingscourt, co. Cavan

**PURCHASER**

whereby it is agreed that the Vendor shall sell and the Purchaser shall purchase in accordance with the annexed Special and General conditions of Sale the property described in the within Particulars at the purchase price mentioned below.

| | | |
|---|---|---|
| Purchase Price | € 85,000.00 | Closing Date:28 days from date of signing hereof. |
| less deposit | € 8,500.00 | Interest Rate: 10 per cent per annum |
| Balance | € 76,500.00 | |

SIGNED ______________ (Vendor)
Witness ______________
Occupation Secretary
Address ______________

SIGNED ______________ (Purchaser)
Witness ______________
Occupation Patrick J. Carolan and Co Solicitors
Address Market Square, Kingscourt Co Cavan

As Stakeholder I/We acknowledge receipt of Bank Draft/Cheque for £ in respect of deposit.

SIGNED ______________

## PARTICULARS AND TENURE

**ALL THAT AND THOSE** part of the lands of the townland of Drumbad situate in the Barony of Carrigallen in the County of Leitrim being all of the lands comprised in folio 7106F Co. Leitrim together with that portion of lands from folio 10748 Co. Leitrim comprising the field marked "excluded" as is situated in the centre of the map attached to folio 7106F, all of which is more particularly delineated on the map attached hereto marked "A" and comprising 6.496 acres (2.628 hectares) or thereabouts statute measure.

## DOCUMENTS SCHEDULE

1. Copy folio 7106F Co. Leitrim.
2. Copy folio 10748 Co. Leitrim.
3. Certified copy Deed of Transfer dated 1st June 2004, Greenbelt Ltd to Patrick Clyne and Ibtisama F. Bradley.
4. Copy Deed of Transfer dated the 10th August 2005, Patrick Clyne to Ibtisama F. Bradley.
5. ~~Copy folio 8618F Co. Leitrim~~
6. Copy folio 10438 Co. Leitrim.

## SEARCHES SCHEDULE

1. Negative Search in the Registry of Deeds on the Index of Names only for all acts affecting the subject property by the Vendor from the

# SPECIAL CONDITIONS

1. Save where the context otherwise requires or implies or the text hereof expresses to the contrary, the definitions and provision as to interpretation set forth in the within General Conditions shall be applied for the purposes of these Special Conditions.

2. The said General Conditions shall:
(a) apply to the sale in so far as the same are not hereby altered or varied, and these Special Conditions shall prevail in case of any conflict between them and the General Conditions,
(b) be read and construed without regard to any amendment therein, unless such amendment shall be referred to specifically in these Special Conditions.

3. In addition to the purchase price, the Purchaser shall pay to the Vendor an amount equivalent to such Value-Added Tax as shall be exigible in relation to the sale, same to be calculated in accordance with he provisions of the Value-Added Tax Act, 1972, and to be paid on completion of the sale or forthwith upon receipt by the Purchaser of any appropriate invoice (whichever shall be the later).
*(Delete if inappropriate)*

4. Title to the property 7106F Co. Leitrim shall commence with up to date copy folio showing the Vendor registered as owner. No requisition shall be raised or replied to with regard to prior title. Title to the property 10748 Co. Leitrim shall commence with up to date copy folio showing Greenbelt Ltd as registered owner. Title shall then pass to Deed of Transfer dated the 1st June 2004, Greenbelt Ltd to Patrick Clyne and Ibtisama F. Bradley. Title shall then pass to copy Deed of Transfer Patrick B. Clyne to Ibtisama Clyne dated 15/8/05 which said dealings are lodged in Land Registry under Dealing Numbers D2007NL0082800 and D2007NL010546G. Ibtisama Clyne is the person entitled to be registered as owner of 10748 Co. Leitrim. The Vendors' Solicitors shall undertake to discharge all Land Registry queries arising in relation to the said transfers and no requisitions shall be raised or replied in relation to the said dealings.

5. Discharges of the burdens at entries 8, 9 and 10 of folio 10748 Co. Leitrim shall be lodged in Land Registry prior to closing and dealing number furnished to the Purchasers Solicitors and the Vendors Solicitors shall give an undertaking to discharge all such queries arising from such dealing.

6. The Purchaser shall accept that Berney Clyne is one and the same person as Patrick Clyne and Patrick B. Clyne and no requisition shall be raised or replied to in relation to the said Patrick B. Clyne. The Purchaser shall also accept that Ibtisama F. Bradley is one and the same persons as Ibtisama Clyne and no requisition shall be raised or replied to with regard to the identity of this Vendor.

7. The property is sold with the benefit of a right of way between the points A to B and coloured green on the map attached hereto. This right of way traverses folio 10438 Co. Leitrim and the said right of way shall be granted by the persons entitled to be registered as owner namely, Bernie Clyne, Iptisama F. Bradley, Taghrid Akasheh and Mohammad Bassam Abu-Hijleh, which said right of way shall be granted pursuant to Power of Attorney given to Mr Gabriel A. Toolan, Solicitor, copy Powers of Attorneys herewith.

8. The property is sold with vacant possession and the purchaser shall satisfy himself that the property is clear of all animals and livestock on the closing date. The Vendor is not obliged to take any further steps to arrange vacant possession of the property prior to the closing of the sale. General Condition 21 shall not apply to this sale.

9. General Condition 14 shall not apply to this sale. The Purchaser shall accept such evidence of Identity as may be gathered from the description in the copy document specified in the Document Schedule. The Vendor shall not be required to define boundaries, fences, ditches, hedges or walls or to specify what boundaries (if any) are of a party nature or to separately identify parts of the subject property held under different title.

10. General Condition 15 shall not apply to this sale and General Condition 16 shall be read as if the words "subject to Condition 15" had been deleted therefrom. The Vendor shall only be obliged to disclose such easements, rights, privileges and liabilities which have come to the Vendor's **actual** attention prior to the date hereof. The Purchaser shall therefore satisfy himself in relation to any other easements, rights, privileges or liabilities affecting the property or likely to affect the same.

11. General Condition 36 shall not apply to this sale. The Vendor does not warrant that Planning Permission or building buy-law approval has been obtained for any development that may have taken place on the subject property or, when any Planning Permission or bye-law approval has been obtained, that the development has been carried out in compliance with such Planning Permission and/or building bye-law approval and the Purchaser shall raise no requisition or enquiry in relation to the existence or absence of any Planning Permission and/or building bye-law approval or the compliance or non-compliance with same (including the conditions thereof) and shall not require the Vendor to furnish any certificate in relation thereto nor any declaration in relation to the user of the subject property. No further other documents shall be called for or requested in relation to Planning Permission and/or building by-law approval or change of use or evidence of compliance therewith.

12. General Condition 35 shall not apply to this sale. No service of any of the orders or notices referred to therein have come to the Vendor's **actual** attention prior to the date hereof.

13. The Vendor's obligation (if any) contained in General Conditions 10(c) and 13 (d) to verify certain facts by way of Statutory Declarations to be completed by a competent person shall be satisfied by providing a statutory declaration of the Vendor verifying such facts to the best of his knowledge information and belief from such documents and records as may be available to him.

14. The Purchaser agrees and accepts that no statement measurement, quantity or description contained in any newspaper advertisement published by the Vendor's agents, the Vendor or given orally or contained in any brochure, letter or hand out issued by the Vendor, or by the Vendor's agents in respect of the subject priority (whether or not in the course of any representation or negotiations leading to the sale) shall constitute a representation inducing the Purchaser to enter in to the sale or any warranty forming part of this agreement and that any statement. description, quantity or measurement contained in any such advertisement, brochure or letter given on behalf of the Vendor or his agents are for illustration purposes only and are not taken as matters of fact and that any mistake, omission, discrepancy, inaccuracy, misstatement, misdescription or incorrect measurement given orally or in form of any advertisement, brochure or letter by the Vendor, or his agents (whether or not in the course of any representation or negotiations leading to the sale) shall not give rise to any cause of action, claim for compensation against the Vendor, his agents or any right of rescission under this Agreement and it is further agreed that this document contains the entire terms and conditions of the agreement between the parties hereto.

15. The Purchaser shall be deemed to purchase with full knowledge of the area, extent, boundaries, state of repair and condition of the property for sale and the means of access thereto and no requirements will be made with the Vendor in this regard. The Purchaser acknowledges and agrees that he has inspected or caused the property in sale to be inspected on his behalf and has entered in to this contract for sale solely on the basis of an inspection and not in reliance of any representation written or oral, expressed or implied, made by or on behalf of the Vendor.

16. The Purchaser shall satisfy himself prior to the signing of the contract herein as to the water supply to the property, access to the property from the nearest road in charge of Leitrim County Council. No

objections or requisitions shall be raised or replied to herein with regard to the said matters. In this regard the purchaser is deemed to purchase with full knowledge of the above matter, namely water supply, and road access to the property.

17. The Vendor shall not be required to produce a letter from the County Council or a Solicitor's Certificate as to whether the road abutting the property is in charge of Leitrim County Council.