**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 07-107ML** |
| | : | |
| **PATRICK CLYNE** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT PATRICK CLYNE'S**
**MOTION TO CORRECT SENTENCE**

The United States of America, by and through its undersigned attorney, respectfully submits this Opposition to Defendant Patrick Clyne's Motion to Correct Sentence. As reason for this Opposition, the government states as follows:

Defendant's Motion is made pursuant to Rule 35 of the Federal Rules of Criminal Procedure. That Rule provides, in pertinent part, as follows:

> (a) **Correcting Clear Error**. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> ...
>
> (c) **"Sentencing" Defined.** As used in this rule, "sentencing" means the oral announcement of the sentence.

Defendant's Motion should be rejected by this Court for both jurisdictional reasons, and because it substantively lacks merit. First, this Court may only correct a sentence under Rule 35(a) within 7 days after sentencing. In this case, sentencing took place on December 4, 2007. Since more than 7 days have passed since the sentencing, this Court does not have jurisdiction to act under Rule 35(a). It should be noted that the 7 day period relates to the time within which the *court* must act, not the time within which the defendant files his motion under Rule 35(a). As the Court stated in United States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993):

> The drafters of the rule were concerned lest they pave further avenues of delay within the criminal justice system. To assuage this concern, the rule states that a court may act thereunder "within 7 days after the imposition of sentence." Fed.R.Crim.P. 35(c). The interval constitutes a limitation, *see* Fed.R.Crim.P. 35(c) advisory committee's note (1991 amendment) (discussing the new rule's "stringent time requirement")-and the limitation is absolute: if no motion is made within the seven-day period, none can be made thereafter; and, moreover, if a motion is timely made but is not decided within the seven-day period, the judge's power to act under the rule subsides and the pending motion is deemed to be denied as of that date. Judge Easterbrook neatly captured the essence of the limitation: "The district court's inaction ha[s] the same effect as denying the motion, making the judgment final on the date the district judge's power to alter the sentence expired." *United States v. Turner,* 998 F.2d 534, 536 (7th Cir.1993).

Also, see United States v. Fahm, 13 F.3d 447, 453-54 (1st Cir. 1994); United States v. Diaz-Clark, 292 F.3d 1310 (11th Cir. 2002); United States v. Werber, 51 F.3d 342, 348 (2nd Cir. 1995); United States v. Lopez, 26 F.3d 512 (5th Cir. 1994).

Assuming *arguendo* that the Court has jurisdiction to consider the Rule 35(a) motion, defendant's motion should nevertheless be denied on its merits. Defendant argues that the recent decision of the Supreme Court in Gall v. United States, 552 U.S. ___ (No. 06-7949, Dec. 10, 2007), indicates that this Court did not properly exercise its discretion in deciding not to grant a sentencing variance, and that for this reason the Court committed "clear error" in imposing the sentence.

Nothing said by this Court, however, during the sentencing proceeding indicated, even remotely, that this Court felt constrained in its ability to grant a variance. To the contrary: after extensive argument, and after having rejected the government's position in favor of imposing enhancements for Abuse of Trust, Use of Special Skill and Obstruction of Justice, this Court calculated the Guideline range, and then heard extensive argument on the issue of variance. Prior

to imposing the sentence, this Court explained its weighing of the factors under 18 U.S.C. § 3553. At no time did the Court exhibit any inhibition on its ability to grant a variance.

Moreover, it should be noted that the Supreme Court's decision in Gall concerned the standard of *appellate* review of federal sentences, which the Court determined should be an abuse of discretion standard. The Court did not set forth new criteria to be followed by the sentencing court. In addition, the Court held that if the sentence is within the Guideline range, as in the case at bar, the appellate court may, but is not required to, apply a presumption of reasonableness.

The defendant raises no issue of "clear error" within the meaning of Rule 35. The scope of "clear error" within Rule 35 is extremely narrow. As the Court noted in United States v. Lett, 483 F.3d 782, 787 (11th Cir. 2007):

> The Criminal Rules Advisory Committee explained that what it meant by "clear error" was "acknowledged and obvious errors in sentencing." Fed.R.Crim.P. 35 advisory committee's notes (1991). The committee went on to add:
> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action .... The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence ....

Also see United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999); United States v. Lopez, supra.

There were no obvious errors or mistakes in the sentencing in this case. To the contrary - the Court carefully considered and weighed all of the sentencing considerations following an extensive sentencing hearing.

For all of the foregoing reasons, the government respectfully urges ths Court to deny defendant's Motion under Rule 35.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December, 2007, a copy of the within Government's Opposition, to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participants have received notice electronically:

Scott P. Lopez, Esq.
24 School St., 8th floor
Boston, MA 02108

U.S. Probation
John O. Pastore Federal Bldg & U.S. Post Office
2 Exchange Terrace
Providence, RI 02903

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 (401)709-5001 fax)
E-mail:andrew.reich@usdoj.gov