IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Case No.: 1:07CR00107 |
| PATRICK CLYNE | ) | |
| Defendant | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CLARIFY/MODIFY RESTITUTION**

The United States of America, by and through its undersigned attorney, respectfully submits this Opposition to Defendant Patrick Clyne's Motion to Clarify/Modify Restitution. As reason for this Opposition, the government states as follows:

## BACKGROUND

On August 7, 2007, the Defendant pled guilty to a two-count Information charging him with Mail Fraud, in violation of Title 18 U.S.C. §1341, and Filing a False Income Tax Return, in violation of Title 26 U.S.C. § 7206(1). The evidence showed that the Defendant created a fictitious company, and that over a period of eight (8) years used this company to defraud his employer, the Rhode Island School of Design (RISD), of approximately $981,000.

On December 4, 2007, the Court sentenced Defendant to 27 months imprisonment, to be followed by a period of 3 years of supervised release. In addition to the $200 mandatory special assessment, the Court ordered that Defendant pay restitution, due immediately, in the amount of $981,794.50. The Court set the payment schedule as due immediately, providing that:

> "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, **payment of criminal monetary penalties is due during imprisonment.** All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." (emphasis added)

Defendant began his incarceration on December 27, 2007. Defendant completed admission and orientation classes, and on April 3, 2008, was assigned to work as an orderly in the visiting room during the evening hours.

**THE INMATE FINANCIAL RESPONSIBILITY PROGRAM**

The Inmate Financial Responsibility Program (IFRP) was established by the Bureau of Prisons (BOP) to ensure that sentenced inmates develop a financial plan for meeting court ordered and other legitimate financial obligations, including payments to victims. Participation in the IFRP, although highly encouraged, is not mandatory. As part of the initial classification process, BOP Case Managers assist inmates in developing financial plans for meeting financial obligations, and at subsequent program reviews, staff members consider inmates' efforts to fulfill those obligations. The IFRP applies to all inmates in federal facilities, except study and observation cases, pretrial detainees, and inmates in holdover status pending designation.

Each inmate's initial financial plan is developed by the Case Manager by first subtracting from the inmate's trust fund account the inmate's minimum payment schedule of $25 per quarter, and also excluding $75 per month under the Inmate Telephone System (ITS Exclusion). The ITS exclusion allows inmates the opportunity to maintain telephone communication with family members.

IFRP Program Reviews are scheduled every six months, or every 3 months if the inmate has less than one year remaining before his release. At each program review, the Case Manager determines the total funds deposited into the inmate's trust fund account during the previous six months, subtracts the IFRP payments made by the inmate during the previous six months, and then subtract $450 (i.e., $75 x 6 months). The BOP has the discretion to consider all monies above that computation to adjust the inmate's IFRP payment plan.

Inmate participation in the IFRP is voluntary. There are disadvantages, however, to inmates who refuse to participate. An IFRP refuse inmate: is relegated to the lowest housing status; may not work outside the secure perimeter; may not work in UNICOR; will not be placed in any community-based programs; may not spend more than $25 per month in the commissary; will be quarantined in the lowest housing status; will not be placed in community based programs; will not receive a release gratuity; will not receive an incentive for participation in residential drug treatment programs; and, the inmate's score of "Responsibility" on the Custody Classification form is zero.

**DEFENDANT'S IFRP CONTRACT**

Defendant Clyne commenced voluntary participation in the IFRP on January 3, 2008, with an initial withholding in the amount of $25 per month. Over the following six months, a total of $1,535.04 was deposited into his Inmate Trust Account, which included both inmate pay and deposits from outside resources. (See Exhibit A, Deposits). Indeed, in his Motion the Defendant acknowledges that he "receives gifts of deposits to his inmate trust account for telephone calls and basic living needs from various members of his family." During this same six month period, Defendant has made payments of only $125 towards restitution. As of today's date, the principal balance of Defendant's restitution obligation is $981, 869.50. BOP records reveal that Defendant has resources available in his inmate account, therefore, he cannot show that he is unable to pay the Court ordered restitution while incarcerated.

On June 19, 2008, the defendant met with his Case Manager to complete a six month Program Review. During that review, the Case manager determined that the Defendant's monthly payment should be increased to $225 per month. (*See* Exhibit B, IFRP Program Review Work Sheet). Defendant agreed, and executed a new Inmate Financial Plan to withhold $225

per month from his Trust Fund Account. (*See* Exhibit C, Inmate Financial Plan, dated June 19, 2008).

Now, just one month after agreeing to pay $225 per month through IFRP, Defendant seeks to have this Court modify the payment amount. It should be emphasized that the Defendant could simply refuse voluntarily participate in the IFRP. Doing so, however, would subject him to the disadvantages discussed above, most significantly, curtail his commissary spending.

It should also be noted that even if his commissary spending were curtailed if he refuses participation in the IFRP, he would still be able to incur telephone charges. The Defendant's Program Review Sheet indicates that $575 has already been excluded from the IFRP computation for six months of telephone charges (ITS Exclusion) .

The Defendant's next scheduled Program Review is set for December 19, 2008. At that time, the Case Manager will assess, based on the factors set forth above, whether the financial obligation should be increased, decreased, or continue at the same amount.

The Defendant's restitution obligation was imposed as due immediately. The BOP accurately determined that he is subject to the IFRP in an effort to assist him in paying his Court ordered restitution As such, he is subject to voluntary participation in the IFRP.

Defendant may wish to avoid the deprivation of benefits resulting from refusal to participate in the IFRP. However, these disadvantages do not affect his ability to interact with his family. Rather they serve to encourage inmates such as Defendant to meet legitimate financial obligations.

## CONCLUSION

The Defendant's ability to pay the restitution imposed was considered by the Court at sentencing, and continues to be considered by the Bureau of Prisons. The Defendant has not shown that payments during incarceration pursuant to the IFRP interferes with his ability to interact with his family. The Bureau of Prisons' IFRP, in which Defendant voluntarily participates, is designed to encourage inmates to meet their legitimate financial responsibilities. The Program Review provides an allowance for inmates to maintain telephone communication with family members under the Inmate Telephone System (ITS).

While Defendant frames his motion as a request for relief due to hardship, what he is really requesting is to be allowed to refuse participation in the IFRP, without having to bear the consequences of not participating in the program.

For the foregoing reasons, the government urges this Court to deny Defendant's Motion to Clarify/Modify Restitution.

Respectfully submitted,

UNITED STATES OF AMERICA,
Defendant

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andree J. Reich
ANDREW J. REICH
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
Email: andrew.reich@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 29th day of July, 2008, I electronically filed the within GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CLARIFY/ MODIFY RESTITUTION with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System.:

The Response was forwarded to following participant via first class mail:

Patrick Clyne
Reg# 05886-070
FMC Devens
P.O. Box 879
Ayer, MA 01432
.

/s/ Andrew J. Reich
ANDREW J. REICH
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Email: andrew.reich@usdoj.gov