UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES :
:
v : Case No. 1:07 CR00107-01 (ML)
:
Patrick Clyne :

Reply to Governments Opposition to Defendants Motion to Clarify/Modify Restitution

The Defendant, Patrick Clyne, having recieved the Governments Opposition, filed July 29th, on July 30th, hereby makes the following reply:

1. The Government's motion is primarily based on the fallacy that 'inmate participation in the FRP is voluntary';

2. It is disingenuous to claim that an act is voluntary and then take the next eight lines to define the penalties that accrue to the inmate for not voluntarily agreeing to the program;

3. In Clyne's case, failure to agree to the program will cost him up to six months of early release for half-way house and/or home arrest, and any other programs for release to the community that may become available. It should be obvious to the most casual observer that losing a substantial period of release and remaining in prison is a draconian penalty for failure to do that which is voluntary;

4. It should be noted that Clyne did not sign the FRP form in June, he signed in on Juky 22nd, after being made aware that failure to sign the form at that time would be considered a 'refusal of program'. As he was originally approached to increase the FRP amount on June 19th, that was the date used for authorization. He did not agree to the increase and suddenly decide against it, as the Government would

have one believe;

5. The simple fact of it is, Clyne agreed to have $25.00/month removed from his inmate account his second month in incarceration. Four months later the BOP increased that amount eight fold;

6. In following the logic employed by the BOP in calculating the FRP amounts, should Clyne be able to pay the new amount, the money deposited to cover it will be used to recalculate a new number every six months and the new number will continue to grow. This will continue unitl he leaves and enters into a restitution program with his probation officer;

7. This is an issue that will get worse as Clyne's incarceration continues and it will effect his release and future ability to pay restitution, for it is putting a financial strain on his wife. If, indeed, she can pay the new monthly amount. She has already been unable to pay Clyne's Medicare bill and the policy has lapsed. As previously stated, Clyne's social security payments are his sole source of income and it has been halted until his release --- a release that will be delayed if he fails to participate and follow through with the FRP program. One hopes the Court can see this for the Catch-22 that it is;

8. There are a myriad of reasons for Clyne having money sent into his inmate account, most revolving around his need to self-regulate his diabetes due to the fact that Devens does not use the Lantus insulin he has been perscribed (although they stated they did when contacted by the Court before sentencing). As stated previously, it is, hoxever, not his money, it comes from contributions from his large family and various friends sent first to his wife. He in

no way controls the amount or timing of funds;

9. Clyne, therefore, hopes the Court has a more complete understanding of the workings - the internal workings - of the FRP program and can at least intervene in some manner to ease the situation, perhaps in setting a maximum number that will remain constant for the fourteen or so months Clyne has left to serve. In any event, Clyne cannot afford the new FRP amount, and even if he can 'scrape it up' though contributions from family, he will surely not be able to pay the new amount demanded by the BOP in a few months.

Submitted this 5TH day of August, 2008.

BY: ______________________
Patrick Clyne

Certification

A copy of this Motion was sent postage prepaid to the U.S. Attorney's Office on the above date.

BY: ______________________
Patrick Clyne